# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
|    JOSE LUIS NEGRON, | : | |
|                  Debtor(s) | : | BANKRUPTCY NO. 19-01612-RNO |
| | : | |
| LENDMARK FINANCIAL SERVICES, LLC | : | Chapter 13 |
|             Moving Party | : | |
| vs. | : | |
| | : | Hearing Date: |
| JOSE LUIS NEGRON, | : | |
|             Respondent(s) | : | |

## OBJECTION OF LENDMARK FINANCIAL SERVICES, LLC
## TO CONFIRMATION OF CHAPTER 13 PLAN

LENDMARK FINANCIAL SERVICES, LLC, objects to confirmation of Debtor's Chapter 13 Plan and asserts in support of its Objection as follows:

1. Movant is Lendmark Financial Services, LLC ("LENDMARK").

2. Respondent is Jose Luis Negron, ("Debtor") who filed a Voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code.

3. On or about July 28, 2017, Debtor borrowed money from LENDMARK (the "Loan").

4. The LENDMARK Loan is secured by a 2004 Kia Sorento (the "Vehicle").

5. The Vehicle has a Fair Market Value of $4,725.00.

6. Lendmark filed a secured Proof of Claim, setting forth a total debt of $5,108.94, of which $4,725.00 is secured and $383.00 is unsecured.

7. Debtor's proposed Chapter 13 Plan provides for no payment to Lendmark on its secured claim.

8. Debtor's proposed Chapter 13 Plan improperly attempts to avoid the lien of Lendmark.

9. Debtor's proposed Chapter 13 Plan improperly attempts to modify the principal balance of the debt to Lendmark.

10. Debtor's proposed Chapter 13 Plan attempts to improperly value the Vehicle.

11. Debtor's proposed Chapter 13 Plan understates Lendmark's claim in full.

12. Debtor's proposed Chapter 13 Plan improperly attempts to treat Lendmark's claim as unsecured, when, as detailed in the Proof of Claim which has been filed with this Court, it is a secured claim.

13. Accordingly, Debtor's Plan is NOT feasible, as it does not fully compensate the Moving Party.

14. In addition, the Debtor's Plan fails to comply with 11 U.S.C. 1322 and 11 U.S.C. 1325.

15. Debtor(s) may be delinquent in plan payments to the Chapter 13 Trustee.

16. The Debtor is required by 11.U.S.C. §1325(a)(1)(c) to commence making payments no later than 30 days after the date of filing in the amount that provides adequate protection directly to creditor. Debtor's Plan fails to provide for required adequate protection.

WHEREFORE, the Moving Party, LENDMARK FINANCIAL SERVICES, LLC, prays that the Court deny confirmation of the Debtor's Plan.

Respectfully submitted,

Date:  /s/ Craig H. Fox, Esquire
**Fox and Fox Attorneys at Law, PC**
**By: Craig H. Fox, Esquire**
**Attorney I.D. #49509**
**706 One Montgomery Plaza**
**Airy and Swede Streets**
**Norristown, PA  19401**
**Telephone:  (610) 275-7990**
**Facsimile:  (610) 275-2866**
**cfox@foxandfoxlaw.com**

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
|     JOSE LUIS NEGRON, | : | |
|                    Debtor(s) | : | BANKRUPTCY NO. 19-01612-RNO |
| | : | |
| LENDMARK FINANCIAL | : | Chapter 13 |
| SERVICES, LLC | : | |
|              Moving Party | : | |
| vs. | : | |
| | : | Hearing Date: |
| JOSE LUIS NEGRON, | : | |
|              Respondent(s) | : | |

## ORDER DENYING CONFIRMATION OF PLAN

Upon consideration of the Objection to Chapter 13 Plan by Lendmark Financial Services, LLC ("Lendmark") and any response thereto, it is hereby

ORDERED that Confirmation of Debtor's Chapter 13 Plan is denied.

BY THE COURT:

G:\219000\219027\219027 Objection to Confirmation-Short Form 190425.doc

Case 5:19-bk-01612-RNO    Doc 15    Filed 04/25/19    Entered 04/25/19 13:55:49    Desc
Main Document    Page 3 of 3